**Sanjay S. Schmidt (SBN 247475)**
**Alex Feigen Fasteau (SBN 213044)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM, PC**
615 13TH Street, Suite A
Modesto, CA 95354
T: (209) 565-3425
F: (209) 566-9668
e-mail: tai.bogan@theboganlawfirm.com

*Attorneys for Plaintiff*,

PARSA OMEED JAVAN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| **PARSA OMEED JAVAN**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF STANISLAUS**, a municipal corporation; Stanislaus County Sheriff's Deputy **ISRAEL MORALES**, individually; and **DOES 1–30**, Jointly and Severally,<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

Plaintiff, PARSA OMEED JAVAN, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the BOGAN LAW FIRM, PC, for his Complaint, states as follows:

**INTRODUCTION**

1. This case arises from the April 9, 2024, assault of Mr. PARSA OMEED JAVAN ("JAVAN") by then Stanislaus County Deputy Sheriff ISRAEL MORALES. Mr. Javan was nonthreatening and unarmed when Defendant MORALES tackled him to the ground, pinned him down, tased him, and punched him at least eighteen times in the face and head. Plaintiff JAVAN suffered a concussion, swelling, lacerations, enduring pain to his face, eyes, head, and chest, as well as headaches, sleep disturbance, nightmares, blurry vision, and memory loss. Here are photos depicting some of the injuries callously and needlessly inflicted upon Plaintiff's face and head by Defendant MORALES:





**Defendant MORALES Has Been Arrested and Charged with Committing Serious Felonies Under the Color of Authority While on Duty.**

2. Defendant MORALES abused the authority granted to him by law in his seizure of Plaintiff, on April 9, 2024, and continued to do so. On May 27, 2025, Defendant MORALES was arrested on three counts of sexual assault, one count of kidnapping, one count of false imprisonment, and two counts of soliciting prostitution, involving three different victims and all

occurring while Defendant MORALES was on duty. He has been criminally charged in Stanislaus County Superior Court with these felony violations via a criminal complaint filed by the Stanislaus County District Attorney's Office, on which he was arraigned, on May 29, 2025.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT TO SACRAMENTO DIVISION

3. This is a civil-rights enforcement action, arising from the use of excessive force, as well as other state and federal civil-rights violations, to which Plaintiff was subject by Defendants, on or around April 9, 2024, which occurred in Hughson, California.

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because Plaintiff brings this action to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

5. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law. This Court is the proper venue, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claims occurred in the County of Stanislaus. A substantial part of the events and/or omissions complained of herein occurred in the City of Hughson, Stanislaus County, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

6. Plaintiff PARSA OMEED JAVAN is a citizen of the United States, a competent adult, and a resident of the State of California. Plaintiff brings these claims pursuant to both state and federal law, individually. Plaintiff also brings these claims as a Private Attorney General, to vindicate not only his rights, but also others' civil rights of great importance.

7. Defendant STANISLAUS COUNTY ("COUNTY") is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Stanislaus County Sheriff's Department ("SCSD"), and was, at all relevant times,

the employer of the individual COUNTY Defendant ISRAEL MORALES, as well as certain DOE Defendants. Under its authority, the COUNTY operates the SCSD.

8. Defendant Deputy ISRAEL MORALES at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

9. The true names and capacities of Defendants sued herein as DOES 1–30 ("DOE Defendants") are unknown to Plaintiff JAVAN, who, therefore, sues said Defendants by such fictitious names. Plaintiff JAVAN will seek leave to amend this Complaint to show their true names and capacities, when the same are ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

10. DOE Defendants 1–20 were employees/agents of Defendant COUNTY and the SCSD, and at all material times acted within the course and scope of that relationship. DOE Defendants 21–30 potentially were employees/agents of another, potential, or to-be-identified entity, and at all material times acted within the course and scope of that relationship.

11. Plaintiff JAVAN is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to Plaintiff.

12. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Defendant MORALES and DOE Defendants.

13. Plaintiff JAVAN is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

14. Plaintiff JAVAN is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and

ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

15. At all material times, each Defendant was jointly engaged in tortious activity and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff JAVAN's constitutional rights and other harm.

16. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the COUNTY and/or the SCSD.

17. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18. Plaintiff JAVAN timely and properly filed a government code claim pursuant to California Government Code § 910 *et seq*, and this action is timely filed within all applicable statutes of limitation.

19. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

20. Plaintiff JAVAN realleges each and every paragraph in this Complaint, as though fully set forth here.

21. On Tuesday night, April 9, 2024, Plaintiff PARSA OMEED JAVAN was locked out of the home in which he lived with his father.

22. Plaintiff JAVAN approached a neighboring resident, in Hughson, CA, at 10:06 p.m., as captured by this resident's home video surveillance system.

23. Plaintiff JAVAN explained his situation, stating he was stuck outside for the night, and asked the resident for an extra jacket or a blanket, even offering some money.

24. This resident declined to give Plaintiff JAVAN anything and, instead, subsequently called the police about Plaintiff JAVAN.

25. At about 10:17 p.m., Defendant Stanislaus County Sheriff's Department Deputy ISRAEL MORALES was dispatched to the neighbor's residence regarding a "suspicious person".

26. Upon arriving, Deputy MORALES contacted Plaintiff.

27. At about 10:20 p.m., Defendant MORALES exited his police vehicle and approached Plaintiff JAVAN to, in the words of Defendant MORALES, "conduct a security check on him and see if he needed any assistance and to ensure a crime did not occur."

28. Plaintiff JAVAN was wearing a t-shirt, and calmly told Defendant MORALES, "I'm just trying to get into my house."

29. Defendant MORALES asked Plaintiff JAVAN, "do you have any weapons … on you", to which Plaintiff compliantly responded, "no."

30. Defendant MORALES seized Plaintiff, grabbing Plaintiff's left hand with his left hand, and demanded–despite common knowledge that cellular phones, which are encased on the front and back in glass, often break upon striking a hard surface–that Plaintiff JAVAN drop the phone in his hand onto the sidewalk.

31. Plaintiff JAVAN, in a non-threatening way, explained, "I don't want to drop my phone. It's fragile".

32. While still having a firm hold on Plaintiff's left hand, and without warning, Defendant MORALES took Plaintiff JAVAN down to the ground.

33. Defendant MORALES then pressed Plaintiff JAVAN's face into the ground, partially on the landscaped area of the ground comprised of soil and partially on the cement curb.

34. Applying his full body weight to Plaintiff JAVAN's back, Defendant MORALES told Plaintiff JAVAN, "you continue to be under arrest".

35. Plaintiff JAVAN asked, "am I being detained?"

36. Then, in a span of about one minute and fifteen seconds, Defendant MORALES needlessly punched Plaintiff JAVAN at least 18 times in the face and head, while Plaintiff JAVAN's torso was face down, the weight of Defendant MORALES on Plaintiff JAVAN's back.

37. Defendant MORALES also tased Plaintiff JAVAN in Plaintiff JAVAN's left arm between punches.

38. Plaintiff JAVAN could be heard screaming, "somebody help me!"

39. At some point, Stanislaus County Sheriff's Department Deputy Timothy Goncalves

arrived on scene.

40. No firearm or weapon was ever located on, in, or around Plaintiff JAVAN or his satchel.

41. The conduct of Defendant MORALES caused Plaintiff JAVAN to be unreasonably seized and subjected to excessive force, and Defendant MORALES's conduct with regard to Plaintiff JAVAN's cellular phone, including, but not limited to, his unlawful orders related to it and his de-facto seizure of it by virtue of separating Plaintiff from his phone, as explained *infra*, constituted an unlawful, warrantless seizure.

42. As a result of the excessive force used by Defendant MORALES, Plaintiff JAVAN sustained a concussion (which, by definition, is a traumatic brain injury) and related closed-head injuries, as well as lacerations, bruising, and swelling to his face, the areas behind both ears, upper back, and ankle, inter alia.

43. As a result of the conduct of Defendant MORALES, Plaintiff JAVAN suffered a traumatic brain injury, enduring pain to his face, eyes, head, and chest, as well as headaches, sleep disturbance, nightmares, blurry vision, and memory loss.

44. On April 11, 2024, the Stanislaus County District Attorney's Office filed *People v. Parsa Omeed Javan,* CR-24-005106, a four-count felony complaint charging Plaintiff JAVAN with a felony violation of Penal Code § 69, "Resisting an Executive Officer," inter alia.

45. On July 1, 2024, likely with the misguided hope of insulating Defendant MORALES and the COUNTY from civil liability for the serious injuries that Defendant MORALES had needlessly inflicted on JAVAN, the Stanislaus County District Attorney's Office amended the complaint against Plaintiff JAVAN to add a misdemeanor violation of Penal Code § 148(a)(1), "Resisting Arrest".

46. On September 25, 2025, the Superior Court of Stanislaus County dismissed the criminal case of *People v. Parsa Omeed Javan,* CR-24-005106, in the interest of justice, on the motion of the Stanislaus County District Attorney's Office.

47. In the violations of Plaintiff JAVAN's rights described herein, Defendants MORALES and DOES 1–10 subjected Plaintiff JAVAN to an unreasonable seizure and use of

excessive force, in the form of, inter alia, unlawfully seizing Plaintiff, tackling Plaintiff JAVAN to the ground, punching him at least 18 times in the face and head, and tasing him, thereby inflicting permanent and severe injuries; additionally, Defendant MORALES, in-effect, proximately caused an unlawful seizure of Plaintiff's cellular phone by virtue of ordering him to drop it and then subjecting Plaintiff to unreasonable force while Plaintiff was holding his phone, directly, intentionally, and/or with a reckless disregard for his rights separating Plaintiff from his phone and causing Plaintiff's phone to be dropped into the mud and left at the scene (after Plaintiff's arrest) as a result of his seizure of Plaintiff.

48. At all times, the seizure of Plaintiff JAVAN by Defendant MORALES and DOES 1–10 was unlawful, lasted an excessive amount of time, and was conducted unreasonably.

49. At all times, the force used by Defendant MORALES against Plaintiff JAVAN was unjustified, objectively unreasonable, and excessive under the circumstances.

50. Alternatively, or concurrently, the excessive and unreasonable actions of Defendant MORALES and DOES 1–10 created the situation in which Defendant MORALES decided to unlawfully seize and use force against Plaintiff JAVAN and caused an escalation of events leading to the unlawful seizure, use of force against, and serious injury to Plaintiff JAVAN.

51. At all material times, and alternatively, the actions and omissions of each individual Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff JAVAN's rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

52. Plaintiff JAVAN has incurred past medical bills for the care and follow-up care of his injuries caused by Defendant MORALES and DOES 1–10 and will incur additional medical bills and other harms and losses—both economic and non-economic—in the future because of the serious injuries inflicted on him.

53. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff JAVAN sustained the following injuries and damages, past and future, including, but not limited to:

a. Significant physical injuries to his head, upper back, and ankle, including, but not

limited to, a traumatic brain injury, soft tissue injuries, and lacerations;

b. Lost wages and income, past and future;

c. Wrongful seizure;

d. Pain and suffering;

e. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

f. Medical expenses, past and future;

g. Violations of—and deprivations of—state and federal constitutional rights;

h. All other legally cognizable special and general damages; and

i. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983 – Fourth Amendment Violations)**
**PLAINTIFF AGAINST DEFENDANTS MORALES and DOES 1–10**

54. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

55. By the actions and omissions described above, Defendants MORALES and DOES 1–10, acting under color of state law in their individual capacities, and as integral participants, violated 42 U.S.C. § 1983, depriving Plaintiff JAVAN of his civil rights by violating the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to the U.S. Constitution:

a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment; and

b. The right to be free from excessive and unreasonable force in the course of a detention or arrest, as secured by the Fourth Amendment.

56. By the actions and omissions described above, Defendants MORALES and DOES 1–10 deprived Plaintiff JAVAN of the right to be free from unreasonable seizures and the use of excessive force, as secured by the Fourth Amendment to the U.S. Constitution.

57. The Defendants named in this cause of action subjected Plaintiff JAVAN to their wrongful conduct, depriving Plaintiff JAVAN of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff JAVAN would be violated by their acts and/or omissions.

58. As a direct and proximate result of the actions and/or omissions as set forth above, Plaintiff JAVAN sustained injuries and damages as set forth at ¶ 53, above.

59. The conduct of Defendants MORALES and DOES 1–10 entitles Plaintiff JAVAN to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. No punitive damages are sought against the COUNTY directly.

60. Plaintiff JAVAN is also entitled to reasonable costs and attorneys' fees, under 42 U.S.C. § 1988 and applicable California codes and laws.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – SUPERVISORY AND MUNICIPAL LIABILITY)**
**PLAINTIFF JAVAN AGAINST DEFENDANTS COUNTY and DOES 11–20**

61. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

62. On information and belief, the unconstitutional actions and/or omissions of Defendant MORALES and DOES 1–10 were pursuant to the following customs, policies, practices, and/or procedures of the Stanislaus COUNTY's Sheriff's Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by Defendant COUNTY, DOES 11–20, and other policy-making officials for Defendant COUNTY and the SCSD:

a. To use or tolerate the use of excessive and/or unjustified force, including the application of force generally;

b. To engage in or tolerate unreasonable seizures;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the use of force, seizures, and the use of physical arrest tactics, when the need for such training, supervision, policies, and procedures was/is obvious;

d. To fail to institute or properly enforce a policy concerning the use of dangerous and potentially deadly closed fist strikes to a head of a detainee/arrestee, thereby permitting or condoning the use of such strikes;

e. To tolerate or perpetuate the policy of "hurt a person – charge a person," pursuant to which if an officer wrongly hurts, detains, searches, or arrests a person, the officer will falsely arrest the person and/or seek to secure the filing and prosecution of criminal charges against the person, such as charges for violations of California Penal Code §§ 69 and 148 (a)(1); the officer arrests the person for claimed violations of California Penal Code §§ 69 and 148 (a)(1) and/or seeks the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction will prevent the person from suing for the injuries that were wrongfully inflicted by the officer. Tolerating or condoning "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest persons;

f. To cover-up violations of constitutional rights by any or all of the following:

i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, dishonesty, and/or other misconduct;

ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law enforcement activity; and

iii. by allowing, tolerating, and/or encouraging deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Sheriff's Department personnel, whereby a deputy or member of the Sheriff's Department does not provide adverse information against a fellow deputy or member of the Sheriff's Department or hold another member accountable for official misconduct;

h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.;

i. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a)–(h) above, with deliberate indifference to the rights and safety of Plaintiff JAVAN and the public, and in the face of an obvious need for such policies, procedures, and training programs.

63. Defendants COUNTY and DOES 11–20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants MORALES, DOES 1–10, and other law enforcement personnel, with deliberate indifference to Plaintiff JAVAN's constitutional

rights, which were thereby violated as described above.

64. The unconstitutional actions and/or omissions of Defendants MORALES and DOES 1–10, as described above, were approved, tolerated and/or ratified by Defendant COUNTY, DOES 11–20, and other policy-making officials for the SCSD. Plaintiff JAVAN is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policymakers within Defendant COUNTY and the SCSD, and that such policymakers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policymakers within Defendant COUNTY and the SCSD, including DOES 11–20, have approved of the conduct of Defendants MORALES and DOES 1–10, and have made a deliberate choice to endorse their decisions and the basis for those decisions. By so doing, the authorized policy makers within Defendant COUNTY and the SCSD, including DOES 11–20, have shown affirmative agreement with the individual defendant deputies' actions, and have ratified the unconstitutional acts of the individual defendant deputies.

65. The aforementioned customs, policies, practices, and procedures, the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants COUNTY and the SCSD, and DOES 11–20, were a moving force and/or a proximate cause of the deprivations of Plaintiff JAVAN's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in ¶¶ 54–60, above.

66. Defendants COUNTY, the SCSD, and DOES 11–20, before April 9, 2024, were aware of its Sheriff's deputies' conduct, pursuant to defendant COUNTY's customs, policy, and practice of permitting and/or acquiescing in the commission of acts of excessive/unconstitutional force by its Sheriff's deputies, as exemplified by numerous federal civil-rights lawsuits since at least 2007 (many of which, on information and belief, did or should have also precipitated internal-affairs investigations or other internal reviews of the incidents), including, but not limited to:

a. Multiple, well-documented incidents of excessive force by COUNTY's Sheriff's deputies. *See*, *e.g.*, *Prescott v. County of Stanislaus*, No. 1:10-cv-00592-OWW-GSA (E.D. Cal. 2010) (Stanislaus County Sheriff's deputies, on information and

belief, used tasers and pepper spray against a mentally-ill detainee causing his death); *Wells v. County of Stanislaus*, No. 1:08-cv-01146-OWW-GSA (E.D. Cal. 2008) (Stanislaus County Sheriff's deputies, on information and belief, used tasers against a person suffering from a post-epileptic seizure causing his death); *Smith v. Spencer*, No. 1:07-cv-00860-OWW-GSA (E.D. Cal. 2007) (Stanislaus County Sheriff's deputies, on information and belief, falsely arrested and utilized excessive force against two persons); *Barbour v. County of Stanislaus, et al.*, No. 1:18-cv-01702 (E.D. Cal. 2018) (On November 5, 2017, Stanislaus County Sheriff's deputy attempted to fatally shoot an unarmed man who was alighting from his vehicle and raising his hands; the bullet came very close to killing Plaintiff, Mr. Barbour, but Plaintiff survived; this was the shooting deputy's second shooting in three months, and the deputy was not placed on administrative leave for either shooting; then-Sheriff Adam Christianson publicly ratified and expressed unwavering approval of the shooting of Plaintiff—even before the investigation of the officer-involved shooting had been completed, and made statements attempting to absolve the shooting deputy of any responsibility for the shooting); *Lapachet v. California Forensic Medical Group, Inc., et al.*, No. 1:17-cv-01226-DAD-EPG (E.D. Cal. 2018) (Plaintiff, Mr. Lapachet, entered the Stanislaus County Jail with the ability to walk, run, jog, and use all of his extremities freely, and left in a stretcher, a quadriplegic, with life-altering injuries, in October 2015; Stanislaus County Sheriff's Corrections Deputies moved Mr. Lapachet, who was clearly injured, to a safety cell, by violently dragging him because the Plaintiff could not walk, and they violently dragged him, despite him repeatedly stating "I have a neck injury, easy, easy"; the deputies were told they were hurting him when they dragged him. One deputy later falsely claimed in a report that Mr. Lapachet's "head/upper body were supported and carried," which claim was disproved by video. The deputies dragged Mr. Lapachet across the floor by his wrists and arms while his head and neck flopped without any support. Once inside the safety cell, the Corrections Deputies

turned Mr. Lapachet onto his stomach, and without any movement or resistance from Mr. Lapachet, two deputies painfully pinned Mr. Lapachet's shoulders to the ground using pain compliance pressure holds on both of his wrists, arms, and shoulders, and at the same time, another deputy needlessly placed Mr. Lapachet's paralyzed legs into a "figure 4" pain compliance hold, and a different deputy cut off Mr. Lapachet's jumpsuit. Mr. Lapachet never resisted in any way throughout these various uses of force. All of the uses of force against Mr. Lapachet were clearly unjustified).

b. Prior incidents, complaints, and/or pending litigation against defendant COUNTY. *See, e.g., Estate of Sanchez v. County of Stanislaus*, No. 1:18-cv-00977-DAD-BAM (E.D. Cal. 2018) (alleging that a policy or custom employed by Stanislaus County's Sheriff's Department caused persons to be subject to excessive force, resulting in death); *Osegueda v. Stanislaus County Public Safety Center*, No. 1:16-cv-1218-LJO-BAM (E.D. Cal. 2018) (alleging that a policy or custom employed by the County and its Sheriff's Department caused persons to be subject to excessive force, among other injuries); *see also* "Stanislaus Sheriff's Deputy On Leave after Video of Violent Arrest Surfaces" <http://fox40.com/2017/11/17/stanislaus-sheriffs-deputy-on-leave-after-video-of-violentarrest-surfaces/> (video-recording of Stanislaus County Sheriff's Deputy Taylor Knight brutally assaulting a homeless man, while several fellow officers fail to intervene and participate in the assault by holding the victim down); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" <http://www.modbee.com/news/politicsgovernment/election/article3154321.html > (September 2013 news article reporting that "Lawsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and "41 cases have been lodged against the department since Christianson took office in July 2006"; "In the past seven years, legal claims have ranged from deputy brutality and K-9 bites to serious accidents involving patrol

cars and several deaths of people in custody."); *Estate of Armando Osuna v. County of Stanislaus, et al.*, No. 1:18-cv-01240-DAD-SAB (allegations of excessive force and unreasonable seizure); *Gardner v. Stanislaus County Sheriff's Department, et al.*, No. 1:17-cv-01369-DAD-HBK (excessive force); *Estate of Xander Mann, et al. v. County of Stanislaus, et al.*, No. 1:21-cv-01098-AWI-SKO (excessive force).

c. Multiple jury verdicts and/or judgments against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, FORMER STANISLAUS COUNTY SHERIFF ADAM CHRISTIANSON, and/or their subordinates. *See Pereira v. County of Stanislaus*, Stanislaus Cnty. Super. Ct. Case No. 631070 ($63,750 jury verdict against County and its deputies where arrestee's feet were severely burned by hot asphalt because the deputies refused to let the arrestee put on shoes during arrest); "Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected" http://www.modbee.com/news/politics-government/election/article3154321.html (September 2013 news article reporting that, of "41 cases … lodged against the department since Christianson took office in July 2006 . . . the county … lost three trials").

67. Defendant COUNTY and DOES 11–20 were, on information and belief, on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies, customs, or practices regarding the use of excessive force by COUNTY Sheriff's deputies because the inadequacies were obvious and likely to result in the violation of persons' rights.

68. On information and belief, additional evidence and information related to Defendant COUNTY and DOES 11–20's policies, customs, or practices will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices before the beginning of discovery is necessarily limited, Defendants COUNTY and DOES 11–20 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of the evidence and facts related to these claims.

69. Defendants subjected Plaintiff JAVAN to their wrongful conduct, depriving Plaintiff JAVAN of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff JAVAN and others would be violated by their acts and/or omissions.

70. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and DOES 11–20, as described above, Plaintiff JAVAN sustained serious injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 53, above, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities. Plaintiff JAVAN does not seek punitive damages against Defendant COUNTY directly.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)**
**PLAINTIFF AGAINST DEFENDANTS MORALES, COUNTY, and DOES 1–10**

71. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

72. By their acts, omissions, customs, and policies, each Defendant acting in concert / conspiracy, as described above, interfered with, attempted to interfere with, and violated Plaintiff JAVAN's rights under California Civil Code § 52.1, by violating the following rights under the United States and California Constitutions:

a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment;

c. The right to be free from an unreasonable seizure of one's person and/or effects, as secured by the California Constitution, Article 1, Section 13;

d. The right to be free from unreasonable and excessive force, as secured by the California Constitution, Article 1, Section 13;

e. The right to enjoy and defend life and liberty, acquire, possess, and protect property, and pursue and obtain safety, happiness, and privacy, as secured by the California

Constitution, Article 1, Section 1; and,

f. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

73. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

74. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

75. Defendant COUNTY is not sued directly in this cause of action but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of their employment.

76. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 53, and to punitive damages against the individual Defendants and DOES 1–10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendant COUNTY directly.

**FOURTH CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
**PLAINTIFF AGAINST DEFENDANTS MORALES, COUNTY, and DOES 1–10**

77. Plaintiff re-alleges each and every paragraph in this complaint, as if fully set forth here.

78. The seizure and excessive force, and/or the wrongful setting into motion of the chain of events that led to these violations, and the other liberty deprivations that occurred, violated Plaintiff's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

79. Defendant COUNTY is not sued directly in this cause of action but is named because it is liable under California Government Code § 815.2 for injury proximately caused by

an act or omission of an employee, committed within the course and scope of the employees' employment.

80. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 53. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

81. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against the individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**FIFTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS MORALES, COUNTY, AND DOES 1–10**

82. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

83. At all times, each Defendant owed Plaintiff JAVAN the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

84. At all times, each Defendant owed Plaintiff JAVAN the duty to act with reasonable care.

85. These general duties of reasonable care and due care owed to Plaintiff JAVAN by all Defendants include, but are not limited to, the following specific obligations:

g. To refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff JAVAN;

h. To refrain from unreasonably seizing Plaintiff JAVAN, or tolerating such conduct by others;

i. To refrain from tactics and conduct that led to the otherwise unnecessary seizure of and use of force against Plaintiff JAVAN;

j. To refrain from abusing the authority granted to them by law;

k. To refrain from violating Plaintiff JAVAN's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

86. Additionally, these general duties of reasonable care and due care owed to Plaintiff JAVAN by Defendants include, but are not limited to, the following specific obligations:

a. To institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

b. To properly and reasonably hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or COUNTY SCSD deputies, including Defendant Deputy MORALES, to ensure that those employees/agents/deputies act at all times in the public interest and in conformance with law;

c. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff JAVAN's;

d. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 62 a.–i., above.

87. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

88. Defendant COUNTY is vicariously liable, pursuant to California Government Code § 815.2.

89. As a direct and proximate result of Defendants' negligence, Plaintiff JAVAN sustained injuries and damages, and is entitled to relief as set forth above, in ¶ 53, and to punitive damages against the individual Defendants. No punitive damages are sought against the COUNTY directly.

**SIXTH CAUSE OF ACTION**
**(BATTERY)**
**<u>PLAINTIFF AGAINST DEFENDANTS MORALES, DOES 1-10, and COUNTY</u>**

90. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

91. By the acts of the individually named Defendants and DOES 1–10, as alleged above, Plaintiff was subjected to a battery, thereby entitling Plaintiff to damages, pursuant to California law.

92. The aiding and abetting and/or failure to intervene and/or failure to prevent this battery gives rise to liability on the part of the individually named and/or DOE Defendants.

93. Defendant COUNTY is not sued directly in this cause of action but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

94. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, at ¶ 53. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

95. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**SEVENTH CAUSE OF ACTION**
**(ASSAULT)**
**PLAINTIFF AGAINST DEFENDANTS MORALES, DOES 1-10, and COUNTY**

96. Plaintiff JAVAN re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

97. By the acts of the individually named Defendants and DOES 1–10, as alleged above, Plaintiff was subjected to an assault, thereby entitling Plaintiff to damages, pursuant to California law.

98. The aiding and abetting and/or failure to intervene and/or failure to prevent this assault gives rise to liability on the part of the other individually named and/or DOE Defendants.

99. Defendant COUNTY is not sued directly in this cause of action but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

100. As a direct and proximate result of Defendants' assault of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, at ¶ 53. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

101. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of

Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

## PRAYER FOR RELIEF

102. WHEREFORE, Plaintiff JAVAN respectfully requests the following relief against each and every Defendant herein, jointly and severally:

l. Compensatory damages in an amount according to proof and which is fair, just, and reasonable;

m. Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant COUNTY);

n. Attorneys' fees and costs of suit under 42 U.S.C. § 1988;

o. Attorneys' fees and costs of suit under California Civil Code § 52.1(i);

p. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 1021.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

q. Injunctive relief, including, but not limited to, the following:

   i. An order prohibiting Defendant COUNTY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and/or supervision as may be determined and/or adjudged by this case; and

r. Such other and further relief as this Court may deem appropriate, just, or proper.

//

//

//

//

//

//

//

//

**JURY TRIAL DEMAND**

Plaintiff JAVAN hereby respectfully demands a jury trial, pursuant to Federal Rule of Civil Procedure 38, for all claims for which a jury is permitted.

Dated: October 23, 2025

Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**
-and-
**BOGAN LAW FIRM**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
ALEX FEIGEN FASTEAU
*Attorneys for Plaintiff*,
PARSA OMEED JAVAN