**Sanjay S. Schmidt (SBN 247475)**
**Alex Feigen Fasteau (SBN 213044)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM, PC**
615 13TH Street, Suite A
Modesto, CA 95354
T: (209) 565-3425
F: (209) 566-9668
e-mail: tai.bogan@theboganlawfirm.com
*Attorneys for Plaintiff,*
PARSA OMEED JAVAN

**DAN FARRAR (SBN 155217)**
**Attorney At Law**
P.O. Box 3382
Turlock, CA 95381-3382
T: (209) 634-5500
F: (209) 634-5556

*Attorney for Defendant,*

COUNTY OF STANISLAUS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARSA OMEED JAVAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, a municipal corporation; Stanislaus County Sheriff's Deputy **ISRAEL MORALES**, individually; and **DOES 1–30**, Jointly and Severally,<br><br>Defendants. | Case No. 2:25-cv-03089-TLN-CKD<br><br>**STIPULATION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT; ORDER** |

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

1

Plaintiff, PARSA OMEED JAVAN ("Plaintiff"), and Defendant, COUNTY OF STANISLAUS ("Defendant County"), by and through their undersigned counsel of record, and subject to the approval of the Court, respectfully stipulate as follows.

**RECITALS**

1. On October 23, 2025, Plaintiff, by and through his counsel of record, filed his complaint. ECF No 1.

2. On October 24, 2025, the Court issued Summons for both Defendant County and for Defendant Israel Morales, respectively. ECF No. 2.

3. On December 3, 2025, service of process on Defendant County of Stanislaus was successfully completed. Service was made on Deputy Clerk Patty Gonzalez with the Stanislaus County Board of Supervisors and included the Complaint, Civil Cover Sheet, Summons, Initial Pretrial Scheduling, Magistrate Consent, and Voluntary Dispute Resolution. A proof of service was subsequently filed with the Court. ECF No. 5.

4. At the time service was effected on the County of Stanislaus, Tai C. Bogan, co-counsel for Plaintiff, who effected such service, was under the impression that the County of Stanislaus was accepting service on behalf of both Defendant County and Defendant County's former employee.

5. On December 23, 2025, Defendant County of Stanislaus filed their Answer to Complaint for Damages and Demand for Trial by Jury. ECF No. 6.

6. On the same date, December 23, 2025, the undersigned counsel for Defendant County related to Plaintiff's counsel that he did not yet know if he will represent Defendant Israel Morales, who is now a former employee of Defendant County, and related that his understanding was that the County of Stanislaus had not actually accepted service on behalf of Defendant Morales.

7. Consequently, Plaintiff's counsel subsequently dispatched a process server to effect personal service on Defendant Morales.

8. Plaintiff has diligently conducted efforts to complete service of process on Defendant Israel Morales, but the attempts have been unsuccessful, as shown in the following paragraphs, and as shown in the declaration by the process server, Aspen Snyder, which is attached to this stipulation

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

2

as **Exhibit A**.

9. On December 29, 2025, Aspen Snyder, a Registered Process Server, attempted to serve Defendant Israel Morales at his last known home address. The attempted service was unsuccessful. Aspen Snyder spoke to Defendant Israel Morales' wife, who indicated that Defendant Morales no longer lived at that specific address.

10. On January 8, 2026, Aspen Snyder returned to Defendant Israel Morales' last known address and once again attempted service of process. There was no answer and the attempt was unsuccessful.

11. On January 11, 2026, after conducting investigation, the process serving company dispatched Aspen Snyder to the apartment address of Defendant Israel Morales' father, in Turlock, CA, to once again attempt to effect service of process. The father of Defendant Morales confirmed that Defendant Morales lived at that address but claimed that Defendant Morales was not currently home. The attempted service was unsuccessful.

12. On January 15, 2026, service of process was again attempted on Defendant Morales at his confirmed dwelling in Turlock, CA. A new camera was installed at the apartment, a change that was made after the previous attempt at service on January 11, 2026, inferably as a result of the attempted service. There was no response or answer to the process server from anyone inside the apartment. Once again, the attempted service was unsuccessful.

13. According to the terms of Defendant Morales's release (he has a pending felony matter in Stanislaus County Superior Court), he is currently being monitored via an ankle monitor and is not permitted to leave the City of Turlock, so the fact that nobody is responding at his home – after a camera was installed – despite this being the location where it has been learned that Defendant Morales is supposed to be staying, suggests Defendant Morales is likely attempting to evade service. The process server has reported to Plaintiff's counsel that Defendant Morales's father appears to be "running interference" for Defendant Morales.

14. In any event, Defendant Morales has a court date for a pending criminal matter, on February 19, 2026; it is anticipated by the process server that service can be effected on Defendant

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

3

Morales on that date.

15. Given the foregoing, the Parties respectfully submit that good cause exists, following the various attempts at personally serving Defendant Morales, to extend the time for service of the summons and complaint to be completed on Defendant Israel Morales.

16. This stipulation of an extension of time for service to be effected on Defendant Morales was reached by the parties as of January 16, 2026.

## STIPULATION

17. Based on the foregoing, and pursuant to Federal Rule of Civil Procedure 4(m), the parties, by and through their undersigned counsel of record, respectfully request that the Court extend the deadline to complete service of the summons and complaint on Defendant Israel Morales by 75-days, to April 6, 2026. It is anticipated that service will be effected long before then, but if Defendant Morales's preliminary examination, which is scheduled for February 19, 2026, does not proceed, then it may delay service further.

Dated: January 23, 2026                    Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**
-and-
**BOGAN LAW FIRM**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
*Attorneys for Plaintiff,*
PARSA OMEED JAVAN

DATED: January 16, 2026                    DAN FARRAR, ATTORNEY AT LAW

*/s/ Dan Farrar\** .
By: Dan Farrar
Attorney for Defendant County of Stanislaus

*Mr. Farrar consented to the filing of this document via CM/ECF.

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

4

# EXHIBIT A

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

ATTORNEY OR PARTY WITHOUT ATTORNEY
Sanjay S. Schmidt (SBN 247275)     T: (415) 563-8583
Alex Feigen Fasteau (SBN 213044)     F: (415) 223-9717
LAW OFFICE OF SANJAY S. SCHMIDT
1388 Sutter Street, Suite 810
San Francisco, CA 94109
ATTORNEY FOR: Parsa Omeed Javan

STANISLAUS     **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

PLAINTIFF:
Parsa Omeed Javan

DEFENDANT:
Israel Morales

## DECLARATION RE DILIGENCE

CASE NUMBER: 2:25-cv-03089-TLN-CKD

I, Aspen Snyder , declare:
I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Israel Morales

I was on the dates herein mentioned over the age of eighteen years and not a party to the above-entitled action. I am authorized to serve legal process in the State of California. The following facts are within my personal knowledge and if sworn as a witness I can and will truthfully and competently testify thereto.I attempted personal service on the following dates and times with the following results:

| Residence Address: | Dates and Times | Result |
|---|---|---|
| ☐ Unknown 6529 Graybark Lane, Hughson, CA 95326 | 12/29/2025 at 7:41pm | - Spoke to Israel's wife who stated he does not live at that address. |
| 6529 Graybark Lane, Hughson, CA 95326 | 1/8/2026 at 7:45 am | - No answer |
| 1110 Pedras Road, Apt A135 Turlock, CA 95382 | 1/11/2026 at 2:10pm | - Spoke to Israel's father who stated he does live there but was not home. |

**Business Address:**
☐ Unknown

☒ This declaration is made based upon business records maintained in the normal course of business.
I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and this declaration is executed on 1/12/2026 at Modesto , California.

_Aspen Snyder_
Aspen Snyder     RPS: PS-731

PSI-DD (2-07)     **DECLARATION RE DILIGENCE**

**ORDER**

The Court, having considered the Parties' stipulation, and good cause appearing therefor, rules as follows:

Pursuant to Federal Rule of Civil Procedure 4(m), the time for service on Defendant Morales is extended by 75-days, to April 6, 2026. Plaintiff shall effect service on Defendant Morales no later than that date, unless good cause is shown for a further extension.

IT IS SO ORDERED.

DATED: January 23, 2026

_____
Troy L. Nunley
Chief United States District Judge

Stip. To Extend Time for Service of Summons and Complaint; Order
*Javan v. County of Stanislaus, et al.*
Case No. 2:25-cv-03089-TLN-CKD

6